**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| **KELLI HALSTEAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | |
| **LBAM INVESTOR GROUP, LLC; LBA HOSPITALITY; and PHILLIP BARROCAS,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Kelli Halstead, by and through undersigned counsel, hereby files this complaint against Defendants LBAM Investor Group, LLC; LBA Hospitality; and Phillip Barrocas (collectively, "Defendants"), as follows.

## NATURE OF ACTION

1. Plaintiff Kelli Halstead was employed as the general manager of a Courtyard by Marriott, located at 451 Creighton Road, Pensacola, Florida 32504, and owned and operated by LBAM Investor Group, LLC ("LBAM") and/or LBA Hospitality ("LBA") from approximately October 14, 2013 to December 8, 2014.

2. In the summer of 2014, Ms. Halstead advised Defendants that she suffered from an acute respiratory malady.

3. Throughout the late summer and early fall of 2014, Ms. Halstead continued to keep Defendants apprised of her health condition, including mentioning that she would undergo an echocardiogram with her cardiologist on October 9, 2014.

4. The very next day, October 10, 2014, Defendants issued a performance improvement plan ("PIP") to Ms. Halstead.

5. Shortly thereafter, on October 28, 2014, Ms. Halstead applied for leave under the Family Medical Leave Act ("FMLA") for surgery and treatment.

6. FMLA leave was approved on December 8, 2014, and surgery was scheduled for December 11, 2014.

7. Within a few hours of the approval of Ms. Halstead's FMLA leave, Defendants terminated Ms. Halstead alleging violations of the PIP.

8. Ms. Halstead now seeks damages, including punitive damages, for wrongful termination and violation of her rights under the FMLA.

## PARTIES

9. Plaintiff Kelli Halstead is an individual who resides at 1399 Highway 19, Lot 27, Leesburg, Georgia 31763, and submits herself to the jurisdiction of this Court.

10. Defendant LBAM Investor Group, LLC is an Alabama limited liability company, registered in Houston County, Alabama, with its registered

office located at 2733 Ross Clark Circle, Dothan, Alabama 36301. LBAM may be served by serving its registered agent Larry Blumberg at 2733 Ross Clark Circle, Dothan, Alabama 36301

11. Defendant LBA Hospitality is believed to be a d/b/a of Larry Blumberg and Associates, Inc., which is an Alabama corporation, registered in Houston County, Alabama, with its registered office located at 2733 Ross Clark Circle, Dothan, Alabama 36301. LBA may be served by serving its registered agent Larry Blumberg at 2733 Ross Clark Circle, Dothan, Alabama 36301.

12. Defendant Phillip Barrocas is believed to be Regional Director of Operations for LBAM and/or LBA, and may be served at 2733 Ross Clark Circle, Dothan, Alabama 36301.

## JURISDICTION AND VENUE

13. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1331, as United States District Courts have jurisdiction over matters that are based on a question of Federal law.

14. Venue in this action is proper in this district pursuant to 18 U.S.C. § 1391(b)(2) as all or substantially all of the acts or omissions giving rise to the claims asserted here occurred in this district.

## FACTUAL BACKGROUND

15. On or about October 14, 2013, Kelli Halstead became employed as the general manager of a Courtyard by Marriott located at 451 Creighton Road, Pensacola, Florida 32504, and owned and operated by LBAM and/or LBA.

16. In the early summer of 2014, Ms. Halstead began experiencing symptoms of an acute respiratory illness.

17. In June of 2014, Ms. Halstead underwent her first biopsy and sonogram in the hope of diagnosing the illness.

18. At this time, Ms. Halstead also discussed her illness and the possibility of FMLA leave with LBAM Benefits Coordinator Tracey Whiddon.

19. In July of 2014, Ms. Halstead underwent her second biopsy and sonogram this time with an encrinologist.

20. Ms. Halstead continued to keep Ms. Whiddon abreast of these developing medical issues.

21. At the end of August 2014, Defendants dispatched Ms. Halstead to another hotel property in Valdosta, Georgia whose general manager was attending an event.

22. Defendants advised Ms. Halstead that they selected her to serve as the substitute manager for the Valdosta hotel because she performed and led extraordinarily well.

23. On August 31, 2014, Ms. Halstead was admitted to the emergency room at West Florida Hospital to treat serious complications from the still unknown respiratory illness.

24. Shortly thereafter, in September of 2014, Ms. Halstead discussed her condition with Defendant Phillip Barrocas.

25. On October 9, 2014, Ms. Halstead underwent a transthoracic echocardiogram at West Florida Hospital.

26. The next day, October 10, 2014, despite being sent to rectify leadership issues at another property just a few weeks prior, Defendants issued a PIP to Ms. Halstead citing alleged leadership issues.

27. On October 15, 2014, Ms. Halstead underwent a heart catheterization.

28. On October 24, 2014, Ms. Halstead underwent an additional sonogram at West Florida Hospital.

29. On October 28, 2014, pursuant to the orders of her surgeon, and through Ms. Whiddon, Ms. Halstead applied for FMLA leave for surgery on December 11, 2014 to correct paraesophageal hernia.

30. Per the request, Ms. Halstead would return to work six weeks later on or about January 23, 2015.

31. On November 20, 2014, Ms. Halstead underwent an esophagram at West Florida Hospital.

32. On December 8, 2014, Ms. Whiddon informed Ms. Halstead that her FMLA leave application had been approved for surgery on December 11, 2014, and that pursuant to the FMLA, Ms. Halstead would return to work on January 23, 2015.

33. On December 8, 2014, a few hours after the approval of the FMLA leave, Defendants terminated Ms. Halstead, alleging violations of the PIP.

34. Throughout the entire period of June 2014 through December 2014, Defendants refused to hire an additional qualified manager to assist and/or cover Ms. Halstead.

35. Ms. Halstead was regularly called on to work more than 60 hours per week, even when she was suffering from the most acute complications or squeezing in necessary medical evaluations and procedures.

36. Defendants exhibited obstinate greed, and ultimately followed their avarice in terminating Ms. Halstead immediately upon learning that they would have to employ an additional general manager while Ms. Halstead was on FMLA leave.

37. As a result of Defendants' actions, Ms. Halstead suffered considerable economic loss, including loss of wages, loss of future wages due to difficulty in finding another similar position, and loss of her home due to her inability to pay her lease.

38. Beyond this, as a result of Defendants' actions, Ms. Halstead suffered enormous emotional distress, complicating and inhibiting the recovery process from her surgery that took place three days after her termination.

39. Ms. Halstead now seeks to recover economic, emotional and punitive damages, as well as attorneys' fees and costs for bringing this action, for Defendants' unlawful and intentional termination.

40. On December 10, 2014, Ms. Halstead made a demand for damages resulting from Defendants' violation of the FMLA under 29 U.S.C. § 2615(a)(1) and (2), but said demand was denied by Defendants.

41. Ms. Halstead's damages are now at least $1,000,000.00.

**COUNT I**
**FMLA Interference**
**29 U.S.C. § 2615(a)(1)**

42. Ms. Halstead incorporates by reference the allegations contained in paragraphs 1 through 40, as if fully set forth herein.

43. On October 28, 2014, pursuant to the orders of her surgeon, and through Ms. Whiddon, Ms. Halstead applied for FMLA leave for surgery on December 11, 2014 to correct paraesophageal hernia.

44. As required under the FMLA, Ms. Halstead had given more than thirty days' notice of the need for leave.

45. On December 8, 2014, Ms. Whiddon informed Ms. Halstead that her FMLA leave application had been approved for surgery on December 11, 2014, and that pursuant to the FMLA, Ms. Halstead would return to work on January 23, 2015.

46. A few hours later, that same day, December 8, 2014, Defendants terminated Ms. Halstead, interfering with her benefits under the FMLA, 29 U.S.C. § 2615(a)(1).

47. Ms. Halstead has been harmed by this violation of 29 U.S.C. § 2615(a)(1).

48. Ms. Halstead is entitled to recover economic, emotional and punitive damages arising out of this violation.

## COUNT II
## FMLA Retaliation
## 29 U.S.C. § 2615(a)(2)

49. Ms. Halstead incorporates by reference the allegations contained in paragraphs 1 through 47, as if fully set forth herein.

50. On October 28, 2014, pursuant to the orders of her surgeon, and through Ms. Whiddon, Ms. Halstead applied for FMLA leave for surgery on December 11, 2014 to correct paraesophageal hernia.

51. As required under the FMLA, Ms. Halstead had given more than thirty days' notice of the need for leave.

52. On December 8, 2014, Ms. Whiddon informed Ms. Halstead that her FMLA leave application had been approved for surgery on December 11, 2014, and that pursuant to the FMLA, Ms. Halstead would return to work on January 23, 2015.

53. A few hours later, that same day, December 8, 2014, Defendants terminated Ms. Halstead, in retaliation against her, and in violation of FMLA, 29 U.S.C. § 2615(a)(2).

54. Ms. Halstead has been harmed by this violation of 29 U.S.C. § 2615(a)(2).

55. Ms. Halstead is entitled to recover at least $1,000,000.00 of economic, emotional and punitive damages arising out of this violation.

## COUNT III
## Attorneys' Fees
## 29 U.S.C. § 2617(a)(3)

56. Ms. Halstead incorporates by reference the allegations contained in paragraphs 1 through 54, as if fully set forth herein.

57. Ms. Halstead has made repeated demands of Defendants for violation of the FMLA under 29 U.S.C. § 2615(a)(1) and (2), but Defendants have obstinately refused.

58. Defendants have acted in bad faith, been stubbornly litigious, and have caused Ms. Halstead unnecessary trouble and expense in bringing this action.

59. Under 29 U.S.C. § 2617(a)(3), Ms. Halstead is entitled to an award of attorneys' fees and costs in bringing and maintaining this action for recovery.

**COUNT III**
**Attorneys' Fees**
**Fla. Stat. § 57.105**

60. Ms. Halstead incorporates by reference the allegations contained in paragraphs 1 through 58, as if fully set forth herein.

61. Ms. Halstead has made repeated demands of Defendants for violation of the FMLA under 29 U.S.C. § 2615(a)(1) and (2), but Defendants have obstinately refused.

62. Defendants have acted in bad faith, raised frivolous defenses, and have caused Ms. Halstead unnecessary trouble and expense in bringing this action.

63. Under Fla. Stat. § 57.105, Ms. Halstead is entitled to an award of attorneys' fees and costs in bringing and maintaining this action for recovery.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Halstead prays for judgment as requested above against Defendants and further request:

a. An award of compensatory or actual damages in the amount in which Ms. Halstead has been injured;

b. Statutory prejudgment interest;

c. An award of punitive damages;

d. Incidental and consequential damages;

e. An award of attorneys' fees and costs in bringing and maintaining this action; and

f. Any other relief as this Court may deem just and reasonable.

**DEMAND FOR JURY TRIAL**

Ms. Halstead requests a trial by jury on all issues so triable.

Respectfully submitted, this 23rd day of October, 2015.

FGP LAW, LLC

/s/ Frank G. Podesta
Frank G. Podesta
FL Bar No. 0090488
fpodesta@fgplaw.com

555 Sun Valley Drive
Suite N-3
Roswell, Georgia 30076
678.341.5047 (voice)
678.222.0123 (facsimile)
*Attorneys for Kelli Halstead*